# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALICIA SCHAEFFER, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIFE TIME FITNESS, INC.; LTF CLUB OPERATIONS COMPANY, INC.; LTF CLUB MANAGEMENT COMPANY, LLC; and LTF YOGA COMPANY, LLC.,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>**Jury trial demanded** |

## INTRODUCTION

1. This is a class action lawsuit brought by Alicia Schaeffer on behalf of herself and a class of others whose job titles were "group fitness instructor" at Life Time Fitness, Inc. and its subsidiaries (referred to collectively as "Defendants") for Defendants' refusal to compensate Plaintiff and class members for work done for Defendants' benefit.

2. In other lawsuits brought by Defendants' employees, those employees brought claims under the Fair Labor Standards Act or state minimum wage and overtime laws. Plaintiff does not seek such a recovery. Instead, her lawsuit is premised upon Defendants' failure to pay wages due and owing to her and class members for their performance of work required by Defendants.

3.	Similarly, an unjust-enrichment claim related to Ohio group fitness instructors was settled ("Ohio lawsuit") solely on their behalf. *See Roth v. Life Time Fitness, Inc.,* 16-cv-02476 (JRT/HB). Chief Judge Tunheim of the District of Minnesota granted final approval of the settlement on July 22, 2019.

## PARTIES

4.	Plaintiff Alicia Schaeffer is a Minnesota resident who worked as a group fitness instructor at Defendant Life Time Fitness, Inc.'s Bloomington (North), Minnesota location from 2004 to 2012 and to whom Defendants failed to pay the wages she was legally entitled to receive.

5.	Defendant Life Time Fitness, Inc. is a Minnesota corporation with its registered office at 2902 Corporate Place, Chanhassen, MN 55317.

6.	Defendant LTF Club Operations Company, Inc. is a subsidiary of Life Time Fitness, Inc. with its registered office at 2902 Corporate Place, Chanhassen, MN 55317.

7.	Defendant LTF Club Management Company, LLC is a subsidiary of Life Time Fitness, Inc. with its registered office at 638 North 5th Avenue, Phoenix, AZ 85003.

8.	Defendant LTF Yoga Company, LLC is a subsidiary of Life Time Fitness, Inc. LTF Yoga Company, LLC is liable to some or all class members based upon the following allegations.

## JURISDICTION AND VENUE

9. This Court has diversity subject-matter jurisdiction over this class action lawsuit under the Class Action Fairness Act of 2005, which amended 28 U.S.C. § 1332 to add a new subsection (d) conferring federal jurisdiction over class actions where "any member of a class of Plaintiffs is a citizen of a State different from any defendant" and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. This action meets both requirements of 28 U.S.C. § 1332(d).

10. This Court has personal jurisdiction over the parties because Plaintiff submits to this Court's jurisdiction and Defendants are headquartered in this District.

11. Venue exists in this Court under 28 U.S.C. § 1391 because Defendants reside in, transact business in, are found within, and have agents in this District and a substantial part of the events giving rise to Plaintiff's claims arose in this District.

## FACTS

12. Defendants employed Plaintiff and class members as group fitness instructors. Group fitness instructors teach fitness classes to Defendants' members, such as spinning, aerobics, and yoga.

13. Plaintiff worked as a group fitness instructor at Defendants' Bloomington, Minnesota location as a group fitness instructor, where she taught yoga classes.

14. Plaintiff and class members performed labor for Defendants in exchange for hourly wages.

15.     In addition to teaching 60 minutes of class time, Plaintiff's job as group fitness instructor required her to perform work that preceded and followed each of her yoga classes. All group fitness instructors are similarly required to perform pre- and post-class work.

16.     Unpaid post-class time is a matter of course among class members because Defendants' *Group Fitness Instructor Manual* specifically requires unpaid pre-class work for every class taught:

> **Every Class, Every Time** - You are expected to be in the studio, ready to teach, 15 minutes before your class with music playing. A 15-minute transition time between classes exists for you to connect with the members and set the stage and environment for your class.

Exhibit A at 7.

17.     Defendants also required Plaintiff and class members to spend their own unpaid time compiling current playlists of music for their classes, refusing to compensate them for the time and downloads required to do so. Indeed, with respect to "Your Music in Class" and the necessity to compile and pay for such playlists, Defendants' *Manual* instructs that "Your music is your 'auditory signature'. You are expected to keep it and change it often," again, with no regard for the significant time or cost associated with doing so. *Id.* at 8.

18.     Defendants made no mistake about their intention to make group fitness instructors work for free:

> The studio is your home and every day is "Open House". You are responsible for leaving the studio in a condition of which you can be proud. All Life Time Fitness Team Members participate in the upkeep and presentation of our workplace; this includes the Group

>   > Fitness Team. Your department head will show you a cleaning checklist that may include re-stacking mats and weights, gathering towels, etc.; *this is your "contribution" for each class that you teach and is a requirement of your position*.

*Id.* at 9 (emphasis added).

19. Taken together, Plaintiff and class members' unpaid and required pre- and post-class work included:

> a. Preparing the rooms where classes were held, which preparation included replacing, arranging, and cleaning any equipment, mats, or props;
>
> b. Cleaning rooms after classes, which clean up included wiping down any equipment, replacing props and mats, and gathering up sweaty towels and taking them to the laundry, despite the presence of cleaning personnel on staff; and
>
> c. Attending and participating in various training and corporate initiative events and meetings taking place at Defendants' fitness centers.

20. It was impossible for Plaintiff and class members to complete all the work required of their positions during the time for which Defendants paid them because Defendants only paid them for actual class time and not for any of the time relating to pre- and post-class activities. So if a class was scheduled for 60 minutes, Plaintiff and class members would only be paid for that 60 minute period, though they were required to spend time before and after class preparing and then cleaning the class space. On this basis, Defendants underpaid—indeed, refused to pay—Plaintiff and class members for actual time worked.

21. Because Defendants received an uncompensated benefit from the Plaintiff and class members, Defendants were unjustly enriched in that they failed to pay wages for the time employees were required to work.

22. Plaintiff "conferred the benefit of performing unpaid work duties and structuring the employment relationship in this way could be considered unjust—meaning fraudulent, illegal, or a moral wrongdoing similar in nature to fraud." *Roth v. Life Time Fitness, Inc*., 16-cv-02476 (JRT/HB), 2017 WL 1628877, at *3 (D. Minn. May 1, 2017).

## SIGNIFICANT-CONTACT ANALYSIS UNDER THE DUE PROCESS AND FULL FAITH AND CREDIT CLAUSES

23. Minnesota has significant contact or a significant aggregation of contacts to the claims asserted by each member of the Plaintiff class, contacts creating state interests. These contacts are sufficient to ensure that the application of Minnesota law is neither arbitrary nor unfair.

24. Minnesota's unjust-enrichment laws do not conflict in any material way with any other states' unjust-enrichment laws that could apply to Plaintiff's and class members' claims. To the extent the various states' unjust-enrichment laws conflict, applying Minnesota law would be fair because Minnesota has significant contacts to this litigation that support Minnesota's interest in applying its law.

25. Accordingly, applying Minnesota law to Plaintiff and class members' unjust-enrichment claims is not in conflict with that of any other jurisdiction whose laws may apply to the conduct described in Plaintiff's complaint.

26. Here, Minnesota is the forum state, and all the states where Defendants have clubs are connected to this lawsuit because the Minnesota-based Defendants underpaid class members in those states from Minnesota.

27. With respect to the contacts between Minnesota and each class member's claims, applying Minnesota law is fair because Minnesota has significant contact with each class member by virtue of Defendants' domicile.

28. For instance, Defendants Life Time Fitness, Inc. and LTF Club Operations Company, Inc. are incorporated, headquartered, and have their principal places of business in Minnesota. These physical and corporate domiciliary contacts support Minnesota's interests in applying its law. Minnesota has an interest in regulating its domestic corporations and in ensuring that out-of-state persons doing business with or working for Minnesota firms may rely on Minnesota businesses' compliance with Minnesota laws and statutes.

29. Also, virtually all of the corporate acts implicated by Plaintiff and class members' claims occurred in or emanated from Minnesota, and upon information and belief Minnesota is where Defendants wrote their *Manual* and created the policies for which Plaintiff is suing.

30. For instance, according to Defendants' *Team Member Handbook,* Plaintiff and every class member were "employed with Life Time Fitness, Inc." (Exhibit B at 1), a company that is incorporated and located in Minnesota. Defendants Life Time Fitness, Inc. and LTF Club Operations Company, Inc., and the other Defendants, paid—and underpaid—Plaintiff and every class member, and as such, were unjustly enriched. Upon

information and belief, all of Defendants' employment policies and materials affecting Plaintiff's and class members' employment with the Minnesota-based and incorporated Defendants were created in, are maintained in, and are subject to adjustment or revision in Minnesota.

31. Furthermore, Defendants' welcome letter to its employees is addressed by Human Resources, located in Minnesota (Exhibit C), while Defendants' *Life Time Fitness Sexual Harassment* policy encourages Defendants' employees to report "discrimination or harassment" to Human Resources located in Minnesota. Exhibit D1 at 3.

32. Defendants provide "all of our team members" a document entitled "Life Time Fitness, Inc. Code of Business Conduct and Ethics" that they are "responsible for reading and understanding." Exhibit D2 at 5. This Code requires violations of discrimination or harassment policies be reported to Defendants' Human Resources located in Minnesota. *Id.* at 11.

33. And Defendants' *Benefits Insurance Contact Information* indicates that Defendants utilize Minnesota-based medical and dental insurers for full-time employees. Exhibit E at 4.

34. All of these Minnesota-based factors affect the expectations of the parties as to which state's law applies to potential claims. In this manner, the application of Minnesota law to the Minnesota-based-and-incorporated Defendants could not have been unexpected by Defendants. Relatedly, to the extent Plaintiff and class members were even thinking about legal claims when Defendants were underpaying them, Plaintiff and

class members would have expected a plainly Minnesota-based corporation to be subject to the requirements of Minnesota common law.

35.     These facts and others likely to be obtained in discovery create no doubt that any individual out-of-state class member can sue Defendants in Minnesota and apply Minnesota law because applying Minnesota law is constitutionally permissible individually, as well as in the class action context.

## CLASS ACTION ALLEGATIONS

36.     Under Fed. R. Civ. P. 23(b)(3), Plaintiff defines her proposed, alternate classes as follows:

> *Multistate class under Minnesota law*
> All of Defendants' group fitness instructors, except for Ohio group fitness instructors, who performed uncompensated services for Defendants' benefit during the maximum period of time permitted by law.
>
> *Minnesota class under Minnesota law*
> All of Defendants' group fitness instructors in Minnesota who performed uncompensated services for Defendants' benefit during the maximum period of time permitted by law.

37.     The classes are so numerous and geographically dispersed that joinder of all members is impracticable. While the exact number of class members is presently unknown, research conducted by Plaintiff's counsel indicates that there are over 150 Life Time Fitness centers, each employing numerous group fitness instructors.

38.     Class members, including Plaintiff, provided group fitness instruction services multiple times per day across these 150 locations, making the total amount of

uncompensated time across the class a substantial amount, easily in excess of $5 million during the relevant time period.

39. Common questions of law or fact relate to and affect the rights of members of the alternate classes, including:

    a. Whether Defendants failed to pay class members for time they were required to work, or attend various operational meetings and corporate initiative trainings;

    b. Whether class members conferred benefits upon Defendants;

    c. Whether it would be unjust for Defendants to retain the benefits that class members conferred upon them;

    d. Whether Defendants owe Plaintiff and the class members restitution; and

    e. Whether Plaintiff and class members are entitled to an award of reasonable attorney fees, interest, and costs.

40. Plaintiff's claims are typical of class members' claims. Plaintiff is situated similarly, if not identically, to all class members, as Plaintiff and all class members were Defendants' employees and suffered similar types of loss. Plaintiff does not expect that the amount of unpaid wages claimed by each class member will vary widely. Plaintiff's claims are based on the same fundamental factual allegations and legal theories as class members' claims.

41. Plaintiff will adequately represent and protect class members' interests and has no interests that conflict with, or are antagonistic to, class members' interests.

42. Plaintiff has retained attorneys who are experienced in complex class action litigation. Plaintiffs' attorneys will actively conduct and be responsible for the

prosecution of the litigation and the expenses and have the resources, experience, and commitment required to litigate this case.

43. Class certification is the superior procedural vehicle for fairly and efficiently adjudicating Plaintiff's claims because:

    a. Common questions of law or fact predominate over any individual questions that exist within the class and, consequently, efficiencies to the Court and the parties exist in litigating these common issues on a classwide basis instead of on a repetitive, individual basis;

    b. Each class member's damage claim is too small to make individual litigation an economically viable possibility, and few class members have any interest in individually controlling the prosecution of separate actions;

    c. Class treatment is required for optimal deterrence and compensation and for limiting the Court-awarded, reasonable legal expenses incurred by class members;

    d. Despite the relatively small size of each class member's claim, the aggregate volume of their claims—coupled with the economies of scale inherent in litigating similar claims on a common basis—will enable class counsel to litigate this case on a cost-effective basis; and

    e. Plaintiff anticipates no unusual difficulties in this class action's management in that all legal and factual questions are common to the class.

## LEGAL CLAIM

### Unjust Enrichment Under Minnesota Law
**(Applicable to the Multistate Class and the alternative Minnesota Class)**

44. Plaintiff restates each of the allegations above.

45. Plaintiff and class members conferred a benefit upon Defendants in the form of uncompensated labor.

46. Defendants appreciated, knew, accepted and, in fact, required as a condition of employment, this benefit.

47. Defendants' acceptance and retention of this benefit was under such circumstances that it is inequitable for them to retain it without paying class members the full amount of wages due and owing to them for that benefit of uncompensated labor.

## **PRAYER FOR RELIEF**

Plaintiff requests the following relief:

    a. An order determining that this action is a proper class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the multistate or alternate, Minnesota class;

    b. An order appointing Plaintiff as class representative and her attorneys as class counsel;

    c. An order awarding restitution in an amount to be proven at trial;

    d. An order awarding Plaintiff her reasonable costs and expenses incurred in this action, including counsel fees; and

    e. An order awarding any other and relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Dated: June 18, 2020.

|  | CHESTNUT CAMBRONNE PA<br><br>By /s/ Bryan L. Bleichner<br>Karl L. Cambronne (MN#0014321)<br>Bryan L. Bleichner (MN#0326689)<br>100 Washington Avenue South, Suite 1700<br>Minneapolis, MN 55401-2138<br>Tel: (612) 339-7300<br>Fax: (612) 336-2940<br>kcambronne@chestnutcambronne.com<br>bbleichner@chestnutcambronne.com |
|---|---|
|  | Garrett D. Blanchfield (MN#209855)<br>Brant D. Penney (MN#316878)<br>Reinhardt Wendorf & Blanchfield<br>W-1050 First National Bank Bldg.<br>332 Minnesota St.<br>St. Paul, MN 55101<br>Tel: (651) 287-2100<br>Fax: (651) 287-2103<br>g.blanchfield@rwblawfirm.com<br>b.penney@rwblawfirm.com |
|  | Daniel R. Karon<br>Beau D. Hollowell<br>Karon LLC<br>700 W. St. Clair Ave., Suite 200<br>Cleveland, OH 44113<br>Tel: (216) 551-9175<br>Fax: (216) 241-8175<br>dkaron@karonllc.com<br>bhollowell@karonllc.com<br><br>*Attorneys for Plaintiff and the proposed, alternative classes* |